IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DO NO HARM,<br><br>                       *Plaintiff*,<br>v.<br><br>HEALTH AFFAIRS; and PROJECT HOPE,<br><br>                       *Defendants*. | Case No. 1:22-cv-02670-RDM |

**DO NO HARM'S NOTICE OF SUPPLEMENTAL AUTHORITIES**

Plaintiff Do No Harm writes to alert this Court to recent decisions that undermine Defendants' motion to dismiss for lack of standing. *See* Doc. 26, 26-1. Defendants argue that "Member A's anonymity dooms Plaintiff's standing because to establish associational standing, Plaintiff must name the individuals who were harmed by the challenged program." Doc. 26-1 at 6 (citing *Summers v. Earth Island Institute*, 555 U.S. 488, 498 (2009)). At least five recent decisions undermine that argument and support this Court's holding that an associational plaintiff "can survive a facial challenge to its standing without identifying specific, injured members by name in its complaint." *Ranchers-Cattlemen Action Legal Fund v. U.S. Dep't of Agric.*, 573 F. Supp. 3d 324, 336 (D.D.C. 2021) (Moss, J.).

*First*, *American Alliance for Equal Rights v. Fearless Fund Management* refutes Defendants' anonymity argument. 2023 WL 6295121 (N.D. Ga. Sept. 27). *Fearless* involved an association, seeking a preliminary injunction, under §1981, against a program that excludes certain races, on behalf of pseudonymous members "A, B, and C." *Id.* at *1. The defendant likewise argued that associations lack standing unless they "specifically identify [their] injured members by name." *Id.* at *2. The court rejected that argument. "Eleventh Circuit precedent" holds that no naming is required before "'discovery,'" including "at the preliminary injunction stage." *Id.* "*Summers* does not require that the Plaintiff name its injured members by name either"; it simply "reject[s] the notion of 'probabilistic standing.'" *Id.* at *3. A panel of the Eleventh Circuit later agreed with the district court on standing,

1

enjoining pending appeal a contest that was open only to black females. *See American Alliance for Equal Rights v. Fearless Fund Management*, No. 23-13138, Doc. 8-2 at 2 (11th Cir. Sept. 30, 2023).

**Second**, in *Chamber of Commerce v. CFPB*, the court rejected the same argument Defendants make here. 2023 WL 5835951, at *6 (E.D. Tex.). *Chamber* involved several associations, most of which referred to their members with "pseudonyms or common nouns." *Id.* The court rejected the government's challenge to their standing. The court first noted that one association had made its members public. *Id.* at *6 n.60. But the court alternatively held that defendants' naming argument is wrong.* *Summers*, it explained, requires identifying "what specific members are doing right now." *Id.* The associations did that, those allegations were undisputed, and "the court itself does not need those members' names to find" standing. *Id.* at *6. The court then explained that the members' legal names is a discovery dispute. *Id.* But the government had made no discovery request, so even at summary judgment, the associations proved standing. *Id.* at *7. Even more so here, at the motion-to-dismiss stage.

**Third**, a Southern District of Ohio decision also refutes Defendants' anonymity argument. *See Parents Defending Educ. v. Olentangy Loc. Sch. Dist. Bd. of Educ.*, 2023 WL 4848509, at *6 n.2 (S.D. Ohio July 28). Like here, the plaintiff there was an association that referred to its members only with pseudonyms in its complaint and preliminary-injunction filings. Compl. (Doc. 1) ¶14, No. 2:23-cv-1596 (S.D. Ohio); Decls. of Parents A-D (Docs. 7-2, 7-3, 7-4, 7-5), *id.* Like here, the defendant "object[ed] to the parents' pseudonymity" on jurisdictional grounds. Opp. (Doc. 13) at 6 n.1, *id.* The court rejected that objection: "[w]hile PDE submitted declarations of pseudonymous parents, there is

---

* The court had to address the other plaintiffs because the association with public members was not based in Texas and the government had argued that, unless the Texas-based plaintiff has standing, venue was improper. *See id.* at *7; Doc. 30 at 14. The government also argued that the other association had not identified *which* of its public members were injured by the challenged policies. Doc. 30 at 14.

2

no obfuscation of identity: PDE itself is the plaintiff." 2023 WL 4848509, at *6 n.2. Notably, the court found standing *at the preliminary-injunction stage*, where the plaintiff's burden is higher than it is here.

**Fourth**, the Supreme Court's recent decision in *SFFA v. Harvard*, 600 U.S. 181 (2023), proves that an association needn't reveal members' legal names in the complaint. The association in *SFFA* had standing "when it filed suit." *Id.* at 200. Yet when it filed suit, its complaints identified members only with pseudonyms. *See* Harv.-Compl. (Doc. 1) ¶15, No. 1:14-cv-14176 (D. Mass.) ("Applicant"); UNC-Compl. (Doc. 1) ¶13, No. 1:14-cv-954 (M.D.N.C.) ("Applicant"). The defendants didn't learn the members' real names until years later in discovery, and the public *never* learned them. *See* 2023 WL 3126414, at *6 n.4 (D. Mass. Apr. 27); 2018 WL 4688388, at *6-7 (M.D.N.C. Sept. 29).

**Finally**, in *Speech First, Inc. v. Sands*, the Fourth Circuit held that Speech First—a membership organization—had "standing to challenge the Informational Activities Policy" at a university on behalf of its members, 69 F.4th 184, 199 n.12 (4th Cir. 2023), over the university's objection to the members' "anonymity," Mot.-Opp.8 (CA4 Doc.69), No. 21-2061 (Oct. 24, 2022). Like Do No Harm, "Speech First submitted anonymous declarations … on behalf of its student members." *Id.* at 190 n.3. Yet that was no barrier to Speech First's standing.

| | |
|---|---|
| Dated: October 5, 2023 | Respectfully submitted,<br><br> /s/ *Cameron T. Norris*<br>Thomas R. McCarthy (DC Bar No. 489651)<br>Cameron T. Norris (VA Bar No. 91624)<br>Frank H. Chang (DC Bar No. 1686578)<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Blvd., Ste. 700<br>Arlington, VA 22209<br>(703) 243-9423<br>tom@consovoymccarthy.com<br>cam@consovoymccarthy.com<br>frank@consovoymccarthy.com<br><br>*Counsel for Plaintiff Do No Harm* |

4

**CERTIFICATE OF SERVICE**

I filed this document via ECF and emailed it to opposing counsel.

Dated: October 5, 2023                                            */s/ Cameron T. Norris*